UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00492-DJH

KAREN KEMPF                                                                          PLAINTIFF

VS.

LUMBER LIQUIDATORS, INC.                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion of Plaintiff, Karen Kempf ("Kempf"), seeking to amend the Case Management Plan. (DN 35). Defendant, Lumber Liquidators, Inc. ("Lumber Liquidators"), filed a Response in opposition. (DN 38). Kempf subsequently filed a Reply. (DN 39). This matter is ripe for adjudication. For the following reasons, Kempf's Motion to Amend the Case Management Plan is **GRANTED in part and DENIED in part**.

## BACKGROUND

On August 1, 2016, Kempf filed her Complaint, individually and on behalf of all others similarly situated, against Lumber Liquidators. (DN 1). In her Complaint, Kempf alleged that wood flooring sold by Lumber Liquidators, specifically Morning Star Bamboo Flooring, was defective. (DN 1 at p. 9-10). Lumber Liquidators filed a Motion to Dismiss, Stay, or in the Alterative to Transfer the Action. (DN 4). The District Court denied Lumber Liquidator's Motion. (DN 14).[1]

---

[1] Pursuant to the District Court's Memorandum Opinion and Order (DN 14), Lumber Liquidators moved to withdraw its alternative Motion because a parallel class action case, *Gold v. Lumber Liquidators, Inc.*, No. 3:14-cv-05373-RS (N.D. Cal.) (hereinafter "*Gold*"), limited the scope of its class. *See* (DN 13). At the time Lumber

1

On October 26, 2017, the parties jointly filed their Rule 26(f) Planning Meeting Report and proposed case scheduling deadlines. (DN 19). Following a telephonic conference with the parties during which they discussed the schedule, the Court entered the Scheduling Order using the expert disclosure and class certification deadlines as proposed. (DN 25). Pursuant to the Order, Kempf's identification of expert witnesses was due by September 14, 2018. (*Id*.). The deadline for Lumber Liquidators to identify its expert witnesses was October 15, 2018. (*Id*.).

Kempf's Motion

On September 13, 2018, the day before the deadline for Plaintiff's identification of expert witnesses, Kempf filed the subject Motion to Amend the Case Management Plan ("Scheduling Order") seeking a significant additional period of time in which to disclose expert witnesses. (DN 35). Kempf's Motion asks the Court to amend the existing Scheduling Order and "vacate the deadlines for expert disclosures pending resolution of the Motion for Class Certification." (*Id*. at p. 1).

Pursuant to the Scheduling Order entered on November 20, 2017, "Plaintiff's motion for class certification shall be filed no later than January 15, 2019, with Defendant's response due no later than February 15, 2019, and Plaintiff's reply brief due no later than March 12, 2019. Any sur-reply shall be filed no later than March 21, 2019." (DN 25 at p. 2). Thus, Kempf now moves the Court to amend the Case Management Plan such that the identification of expert witnesses shall not be due until all motion practice for class certification is complete, and Plaintiff's Motion for

---

Liquidators filed its Motion to Dismiss (DN 4) in *Kempf*, *Gold* was being litigated as a nationwide class action lawsuit. (DN 14 at p. 1). However, the geographic scope of *Gold* was narrowed such that Kentucky purchasers were excluded from *Gold's* putative class. (DN 13 at p. 1). As of the date of the entry of this Order, Lumber Liquidators' Motion for Summary Judgment in *Gold* was denied. *See* ECF No. 256 ("Order Denying Motion for Summary Judgment"), *Gold v. Lumber Liquidators, Inc.*, No. 3:14-cv-05373-RS (N.D. Cal.). A trial in *Gold v. Lumber Liquidators, Inc.* is scheduled for February 25, 2019 before the Honorable Richard Seeborg, United States District Judge for the Northern District of California.

Class Certification is resolved. (DN 35 at p. 3). As of the date of the filing of this Order, Kempf has not filed her Motion for Class Certification.

As the basis for her Motion to Amend, Kempf provides that her request to modify the Scheduling Order will "promote judicial efficiency." (*Id*. at p. 1). In support of this argument, Kempf states that discovery is extensive and ongoing, primarily as a result of Lumber Liquidators' defense in a parallel class action case in the Northern District of California, *Gold v. Lumber Liquidators, Inc.*, No. 3:14-cv-05373-RS. (*Id*.). According to Kempf, since the parties began engaging in discovery, Lumber Liquidators has produced over 800,000 pages of documents, and additional information is forthcoming from the defendant.[2] (*Id*. at p. 1-2). Additionally, Kempf claims that discovery has revealed complaints to Lumber Liquidators about the product at issue from more than 150 Kentucky purchasers.[3] (*Id*. at p. 2). Thus, Kempf argues that if Plaintiff identified experts prior to the Court certifying the class, opinions from such experts may be overly broad or may be missing "critical information from other class members" in this litigation. (*Id*.). Furthermore, Kempf claims that amending the Scheduling Order as requested would not impact Lumber Liquidators, because the identification of Defendant's expert witnesses will likely be the same as those provided in *Gold*. (*Id*.).

Kempf's Motion also appears to fault the Scheduling Order for setting the deadline for her identification of experts *before* the resolution of Plaintiff's Motion for Class Certification. (*Id*.)

---

[2] In the instant Motion, Kempf states that Lumber Liquidators still needs to produce, among other things, identifying information about Kentucky purchasers, which was redacted. (DN 35 at p. 2). On December 10, 2018, Kempf filed a Motion to Compel requesting the Court to order Lumber Liquidators to provide the contact information for putative class members. (DN 45). As of the date of the entry of this Order, motion practice has been completed on Kempf's Motion to Compel. The Court will address Kempf's Motion to Compel in a separate opinion.

[3] To support her Motion to Amend the Case Management Plan (DN 35), Kempf filed three exhibits, labeled "Confidential" by Lumber Liquidators, under seal. *See* (DN 36 at p. 1) *and* (DN 37). Kempf claims that these exhibits demonstrate that Lumber Liquidators was aware of potential problems with the bamboo flooring at issue in this case for years before Kempf purchased the product, "but continued to market it as a superior alternative to wood flooring." (DN 35 at 1).

(emphasis added). More specifically, Kempf argues that the Scheduling Order should be amended because the Court's ruling on class certification will directly impact the scope of the case, including the identification of expert witnesses. (*Id.*). Further still, Kempf claims that expert witnesses will not be needed to establish commonality for class certification purposes. (*Id.*). Thus, Kempf asks the Court to grant her Motion to Amend the Case Management Plan and vacate the expert discovery deadlines such that the deadlines for expert disclosures shall be set after the resolution of Plaintiff Motion for Class Certification. (*Id.* at p. 3).

Lumber Liquidators' Response

Lumber Liquidators raises two arguments in its Memorandum in Opposition. (DN 38). First, Lumber Liquidators argues that Kempf has not shown good cause to amend the Case Management Plan as required by Rule 16(b)(4). (DN 38 at p. 4). To substantiate this claim, Lumber Liquidators contends that Kempf did not demonstrate diligence to meet the September 14, 2018 deadline for Plaintiff's identification of expert witnesses. (*Id.* at p. 5). Lumber Liquidators states that Kempf has had a significant amount of time to review the discovery documents that she requested. (*Id.*). More specifically, Lumber Liquidators claims that the documents Kempf filed as exhibits to her Motion to Amend were provided to Kempf no later than April 2018. (*Id.*). These documents, Lumber Liquidators reasons, appear to be Kempf's justification that good cause exists because the documents have changed Kempf's theory of the case. (*Id.*). However, Lumber Liquidators maintains that there is no new information in these documents that changes Kempf's theory of the case or "that necessitates this total pivot from the previously-ordered and agreed-upon litigation of this matter." (*Id.* at p. 6).

Second, Lumber Liquidators claims that it will suffer undue prejudice if Kempf's proposed amendment is granted. (*Id.*). In particular, Lumber Liquidators contends that if Kempf's proposed

schedule alteration is adopted, Lumber Liquidators will be prejudiced by litigating a class action claim without the identification of Plaintiff's expert witnesses and reports. (*Id*.). Thus, Lumber Liquidators requests the Court to deny Kempf's proposed amendment to the Case Management Plan, or alternatively, extend all deadlines set forth in the Scheduling Order. (*Id*. at p. 7).

### Kempf's Reply

Noticeably, Kempf's Reply does not explicitly address Lumber Liquidators "good cause" argument under Rule 16(b). Rather, Kempf's Reply maintains that Lumber Liquidators will not be prejudiced if the Scheduling Order is amended. (DN 39 at p. 2). In support of this claim, Kempf explains that the Scheduling Order previously agreed to in this case no longer makes sense because the Scheduling Order was entered before any discovery was completed. (*Id*.). Now, upon review of discovery documents received from Lumber Liquidators, Kempf states that she has a better understanding of the product defect in the wood flooring at issue in this litigation. (*Id*.). As such, Kempf "does not believe that an expert is required in order to adjudicate the class certification motion." (*Id*.). Instead, Kempf claims that there is no reason to bar post-certification expert discovery to assist the trier of fact to "understand the mind-numbing intricacies of moisture's effect on bamboo." (*Id*. at p. 2-3). Thus, Kempf requests postponement of the deadline for expert disclosure so that she does not waive the ability to identify an expert after the class, if any, is certified. (*Id*.).

### October 10, 2018's Telephonic Status Conference

The Court conducted a telephonic status conference on October 10, 2018. During the conference, counsel for Kempf reiterated the arguments briefed in Plaintiff's Motion to Amend the Case Management Plan (DN 35) and her Reply in Support of the Motion (DN 39). Primarily, Kempf's discussion focused on the need to preserve the expert disclosure deadline until the

resolution of class certification, because according to counsel, experts will not be needed for the purposes of class certification.

Maintaining their objection to Kempf's Motion to Amend the Case Management Plan, counsel for Lumber Liquidators argued that Plaintiff cannot keep changing her theory of the case. Additionally, defense counsel claimed that the proposed amendment set forth in Kempf's Motion was impacting the rest of the schedule. More specifically, Lumber Liquidators' counsel stated that Kempf's Motion directly affected the upcoming deadline for Defendant's expert disclosures, which was set for October 15, 2018. Accordingly, Lumber Liquidators motioned a verbal request to the Court to stay the October 15, 2018 deadline for identification of Defendants expert witnesses.

Following the telephonic status conference, the Court issued an Order granting Lumber Liquidators' request to stay the October 15, 2018 deadline for identification of Defendant's expert witnesses. (DN 41).

## **LEGAL STANDARD**

Modifications to a scheduling order are governed by Rule 16(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 16(b). Pursuant to subsection (b)(4) of the Rule, "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The decision to grant a motion to modify a scheduling order under Rule 16(b) is within the Court's discretion. *Leary v. Daeschner*, 349 F.3d. 888, 909 (6th Cir. 2003). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Group*, 281 F.3d. 613, 625 (6th Cir. 2002) (internal citation and quotation marks omitted); *see also*, *Leary*, 349 F.3d at 906 (a Court may

6

modify a scheduling order for good cause only if a deadline "cannot reasonably be met despite the diligence of the party seeking the extension."). The good cause analysis also requires a determination of "whether the opposing party will suffer prejudice by virtue of the amendment." *Id*.

## **DISCUSSION**

I. **Good Cause**

Applying these principles to the facts presented, the Court finds that Kempf has demonstrated good cause for granting, *in part*, her Motion to Amend the Case Management Plan (DN 35). (emphasis added). The Court must emphasize, however, that Rule 16(b)'s good cause standard is met in this case but only by the thinnest of margins.

The deadline for Kempf's expert disclosures was September 14, 2018. *See* (DN 25). On September 13, 2018, Kempf filed the instant Motion to amend the Scheduling Order (DN 35). Accordingly, Kempf's Motion was timely for purposes of the expert disclosure deadline. However, as Lumber Liquidators has pointed out in its Memorandum in Opposition to Kempf's Motion to Amend (DN 38), prior to filing her Motion, Kempf repeatedly "represented to the Court that litigation continued on course and without issue." (DN 38 at p. 2-3) (*citing* DN 29, DN 32, & DN 34). Thus, the Court finds that Kempf has not made a sufficient showing of good cause required to justify the requested extension such that the deadlines for expert disclosures shall be vacated pending the resolution of the Motion for Class Certification.

As explained above, the good cause requirement of Rule 16(b) focuses on the moving party's diligence. In attempting to demonstrate her diligence, Kempf provides in her Motion to Amend that necessary information, which Lumber Liquidators voluntarily agreed to produce, was

still needed.[4] (DN 35 at p. 2). As defense counsel confirmed during the October 10, 2018 telephonic status conference, Lumber Liquidators continued to supplement information to Kempf as recently as October 9, 2018. This information, Kempf claims, is directly related to class certification, the scope of the case, and ultimately, expert disclosures.

Additionally, Kempf has repeatedly maintained that expert opinions previously thought to be needed to establish commonality will no longer be needed for class certification. *See* (DN 35 at p. 2); (DN 39 at p. 2). Instead, Kempf states that "she does not want to waive the ability to identify an expert once the class is certified that can help a jury understand the mind-numbing intricacies of moisture's effect on bamboo." (DN 39 at p. 2). Therefore, the Court finds, albeit with some reservations, that Kempf has established good cause to amend the Scheduling Order. Thus, despite Kempf's failure to articulate her explanations as good cause, such cause is apparent from the reasoning provided by Plaintiff's counsel in Kempf's Motion to Amend, her Reply in Support of the Motion, and counsels' representations made during the October 10, 2018 telephonic status conference. Accordingly, sufficient good cause has been shown with regard to Kempf's Motion to Amend the Case Management Plan.

## II. Prejudice

In addition to assessing whether good cause exists, courts may also consider whether the non-moving party will be prejudiced. *Smith v. Holston Med. Group, P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (*citing Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)); s*ee also Leary v. Daeschner*, 349 F.3d. 888, 909 (6th Cir. 2003) (explaining that "in addition to Rule 16's explicit 'good cause' requirement," the Sixth Circuit held "that a determination of the potential prejudice

---

[4] Again, the Court recognizes that Kempf filed a Motion to Compel relating to the redacted identifying information of Kentucky purchasers and putative class members on December 10, 2018 (DN 45), which will be adjudicated in a separate opinion.

to the nonmovant also is required when a district court decides whether or not to amend a scheduling order.").

In its Memorandum in Opposition, Lumber Liquidators argues that Defendant would suffer significant and undue prejudice if the Court were to adopt Kempf's "drastic" amendment to the Scheduling Order as proposed in her Motion. *See* (DN 38 at pgs. 1, 6, & 7). More specifically, Lumber Liquidators states that if Kempf's proposed schedule alteration was granted, Defendant "would be forced to litigate a class claim that its flooring has a class-wide defect without Plaintiff's expert reports identifying what the alleged defect is or opining that such a defect even exists." (DN 38 at p. 6).

To an extent, the Court agrees with Lumber Liquidators such that the alteration to the Scheduling Order proposed in Kempf's Motion is severe. Kempf should have anticipated the need to bifurcate the identification of expert witnesses for class certification and post-certification expert discovery based on the merits of the case. As such, the Court finds that if the deadlines for expert disclosures were vacated until Plaintiff's Motion for Class Certification, which has not yet been filed, is resolved, Lumber Liquidators would suffer prejudice. Accordingly, the Court finds that a modified amendment to the deadlines for expert disclosures is appropriate and will not result in prejudice against Lumber Liquidators.

Based on the foregoing, the Court finds that good cause exists to support a *brief* extension of the deadlines for the identification of expert witnesses for both Plaintiff and Defendant. Kempf requests that the expert discovery deadline be vacated and reset post-class certification. The Court finds that this is excessive given the amount of time that has passed since the instant Motion was filed. Accordingly, the Court will grant an extension pursuant to the timeline set forth in this Order.

# CONCLUSION

For the reasons explained above, the Court finds good cause to grant, in part, Kempf's Motion to Amend the Case Management Plan (DN 35).

# ORDER

Accordingly, and the Court being otherwise and sufficiently advised, **IT IS ORDERED** as follows:

1) Kempf's Motion to Amend the Case Management Plan (DN 35) is **GRANTED in part and DENIED in part**.

    a. Kempf's request to vacate the deadlines for expert disclosures pending the resolution of Plaintiff's Motion for Class Certification is **DENIED**.

    b. Kempf's Motion to Amend the Case Management Plan is **GRANTED** pursuant to the timeline set forth below:

        i. Plaintiff's Identification of Experts shall be due no later than **February 18, 2019**.

        ii. Defendants' Identification of Experts shall be due no later than **March 18, 2019**.

**IT IS SO ORDERED.**

Copies:     Counsel of Record